**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Eugene Register, | CIV 15-8067-PCT-MHB |
| Plaintiff, | **ORDER** |
| vs. | |
| Carolyn W. Colvin, Commissioner of the Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff David Eugene Register's appeal from the Social Security Administration's final decision to deny his claims for disability insurance benefits and supplemental security income. The Commissioner has filed a Brief Requesting Remand conceding that the decision of the ALJ is not supported by substantial evidence, and requesting that the Court remand this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). After reviewing the administrative record and the arguments of the parties, the Court now issues the following ruling.

**I. PROCEDURAL HISTORY**

Plaintiff filed applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act in July 2011, alleging disability beginning August 7, 2009. (Transcript of Administrative Record ("Tr.") at 13.) These claims were denied initially and upon reconsideration. (Tr. at 13.) After a subsequent hearing, an ALJ issued a decision denying Plaintiff's claims. (Tr. at 29-54, 10-28.) The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision

the final decision of the Commissioner. Plaintiff sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court must affirm the ALJ's findings if the findings are supported by substantial evidence and are free from reversible legal error. See Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Marcia v. Sullivan, 900 F.2d 172, 174 (9th Cir. 1990). Substantial evidence means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see Reddick, 157 F.3d at 720.

In determining whether substantial evidence supports a decision, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Reddick, 157 F.3d at 720. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); see Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing the [Commissioner's] conclusion, the court may not substitute its judgment for that of the [Commissioner]." Reddick, 157 F.3d at 720-21.

## III. THE ALJ'S FINDINGS

In order to be eligible for disability or social security benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An ALJ determines a claimant's eligibility for benefits by following a five-step sequential evaluation:

(1) determine whether the applicant is engaged in "substantial gainful activity";

(2) determine whether the applicant has a medically severe impairment or combination of impairments;

1
2

(3) determine whether the applicant's impairment equals one of a number of listed impairments that the Commissioner acknowledges as so severe as to preclude the applicant from engaging in substantial gainful activity;

3
4

(4) if the applicant's impairment does not equal one of the listed impairments, determine whether the applicant is capable of performing his or her past relevant work;

5
6

(5) if the applicant is not capable of performing his or her past relevant work, determine whether the applicant is able to perform other work in the national economy in view of his age, education, and work experience.

7   See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (citing 20 C.F.R. §§ 404.1520,

8   416.920). At the fifth stage, the burden of proof shifts to the Commissioner to show that the

9   claimant can perform other substantial gainful work. See Penny v. Sullivan, 2 F.3d 953, 956

10  (9th Cir. 1993).

11        At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful

12  activity since August 7, 2009 – the alleged onset date. (Tr. at 16.) At step two, he found that

13  Plaintiff had the following severe impairments: cardiomyopathy, depression, and anxiety.

14  (Tr. at 16.) At step three, the ALJ stated that Plaintiff did not have an impairment or

15  combination of impairments that met or medically equaled an impairment listed in 20 C.F.R.

16  Part 404, Subpart P, Appendix 1 of the Commissioner's regulations. (Tr. at 16-17.) After

17  consideration of the entire record, including Plaintiff's allegations and the objective medical

18  evidence, the ALJ found that Plaintiff retained "the residual functional capacity to perform

19  medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except nonpublic, simple

20  routine tasks, and occasional contact with coworkers and supervisors."[1] (Tr. at 17-21.) At

21  step four, the ALJ found that Plaintiff was unable to perform any past relevant work, but that

22  considering Plaintiff's age, education, work experience, and residual functional capacity,

23  there are jobs that exist in significant numbers in the national economy that Plaintiff can

24  perform. (Tr. at 22-23.) Therefore, the ALJ found that Plaintiff was not under a disability

25  from August 7, 2009, through the date of his decision. (Tr. at 23.)

26

27
28

[1]   "Residual functional capacity" is defined as the most a claimant can do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks.

**IV. DISCUSSION**

In his Brief, Plaintiff contends that the ALJ erred by: (1) failing to adequately consider the opinion of examining psychologist, Minette Doss, Ed.D.; (2) failing to account for limitations in concentration, persistence, and pace in the RFC; and (3) failing to provide legally sufficient reasons to discount his credibility. Plaintiff requests that the Court vacate the decision of the ALJ and remand for a determination of benefits.

In response to Plaintiff's Brief, the Commissioner filed a Brief Requesting Remand conceding that the ALJ's decision contained legal errors, and stating that outstanding issues must be addressed before it can be determined whether Plaintiff is disabled. The Commissioner contends that prior to reaching any conclusions about whether Plaintiff is disabled within the meaning of the Social Security Act, it is essential that the fact-finder derive an RFC after considering and weighing all the evidence in the record, and present that RFC to a vocational expert for an evaluation of Plaintiff's ability to perform work.[2]

The only issue before the Court is whether this matter should be reversed and remanded for further proceedings or for an award of benefits.

The State agency psychological consultants opined that Plaintiff could sustain concentration and persistence on simple tasks, and would be best suited to work with minimal social demands. Further, they opined that Plaintiff's ability to handle stress and pressure in the work place would be reduced, but adequate to handle the stresses of a routine, repetitive, or 3-4 step work setting. (Tr. at 87, 122-23.) The ALJ gave great weight to the State agency consultant opinions. (Tr. at 21.)

Dr. Doss conducted a consultative examination in December 2011. (Tr. at 572-78.) Dr. Doss observed, "This man displayed no personality at all. Affect was consistently flat."

---

[2]  Remand for further proceedings moots any argument as to the sufficiency of the ALJ's consideration and weighing of the evidence in that, on remand, the ALJ's assessment of Plaintiff's RFC would require that he reconsider all of the record evidence.  See Social Security Ruling 96-8p, 1996 WL 374184, at *4-7 (in assessing a claimant's RFC, the adjudicator must consider "*all* of the relevant evidence in the case record") (emphasis in original); see also 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(3).

(Tr. at 572.) "He answered the questions in a slow and obligatory manner but acted like everything was a burden for him." (Tr. at 574.) Plaintiff reported insomnia, anxiety, and depression lasting for days and weeks. Anxiety was primarily related to Plaintiff's reaction to operation of the implanted pacemaker to treat his cardiomyopathy: "this man is scared to death of his heart pacemaker. Anytime this mechanical device is doing its job, David becomes highly anxious and essentially totally checks out both physically and emotionally." (Tr. at 572-76.) Dr. Doss concluded, "General demeanor was that of a dysphoric and minimally reactive individual. A Mood Disorder Not Otherwise Specified is diagnosed. This man is anhedonic."

On an accompanying Psychological/Psychiatric Medical Source Statement, Dr. Doss noted, "Extremely low motivation due to Mood Disorder." He found that Plaintiff, "Would have to be constantly prodded, as he is not self-motivated." (Tr. at 577.) However, Dr. Doss's opinion also suggested that Plaintiff retained the ability to perform some level of work. (Tr. at 577.) Specifically, in the area of Understanding and Memory, Dr. Doss identified "No impairment," stating that Plaintiff "Can learn work like procedures to a moderate degree of complexity." In the area of Sustained Concentration and Persistence, Dr. Doss identified "Moderate impairment," and in the area of Social Interaction, he opined that Plaintiff has "Mild impairment," indicating that he is "Adequately neat and clean." Lastly, in the area of Adapting to Change, Dr. Doss identified "Moderate impairment." (Tr. at 577.) Without giving specifics, the ALJ gave some weight to Dr. Doss' opinion. (Tr. at 21.)

"When an ALJ's denial of benefits is not supported by the record, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012) (quotation omitted). We will apply the credit-as-true rule to determine that a claimant is disabled and entitled to an award of benefits only if there are no "outstanding issues [in the record] that must be resolved" and "it is clear from the record that the ALJ would be required to find the claimant disabled were [the improperly rejected] evidence credited." Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). However, a "claimant is not entitled to benefits under the statute unless the claimant

is, in fact, disabled, no matter how egregious the ALJ's errors may be." <u>Strauss v. Comm'r,</u> <u>Soc. Sec. Admin.</u>, 635 F.3d 1135, 1138 (9th Cir. 2011). An award of benefits is appropriate only if all factual issues have been resolved and the record supports a finding of disability.

Here, the parties agree that the ALJ erred in assessing Plaintiff's RFC by failing to properly consider Dr. Doss' opinion and failing to properly account for limitations in concentration, persistence, and pace. Further, it appears that the ALJ relied upon an erroneous evaluation of the objective medical evidence, in part, to discount Plaintiff's credibility.

The Court finds, however, that there are identifiable issues to be resolved on remand, notably whether Plaintiff is disabled. Although the parties concede, and the record reflects that the ALJ erred in failing to provide adequate reasons for his findings and conclusion, the ALJ did identify some conflicting evidence in the record that would seem to support a finding of non-disability. (Tr. at 18-21.) Thus, because there are outstanding issues to be resolved, the Court will remand for further administrative proceedings. Specifically, remand is appropriate for a renewed residual functional capacity assessment, which explicitly considers and reevaluates the opinion of Dr. Doss in conjunction with all other objective medical evidence, as well as, Plaintiff's subjective complaints.

Accordingly,

**IT IS ORDERED** that the Commissioner's decision is **VACATED** and this matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings as set forth in this Order;

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 19th day of September, 2016.

Michelle H. Burns
United States Magistrate Judge