**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Eugene Register, | CIV 15-8067-PCT-MHB |
| Plaintiff, | **ORDER** |
| vs. | |
| Carolyn W. Colvin, Commissioner of the Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff David Eugene Register's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") (Doc. 34). After reviewing the administrative record and the arguments of the parties, the Court now issues the following ruling.

**BACKGROUND**

Plaintiff filed applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act in July 2011, alleging disability beginning August 7, 2009. These claims were denied initially and upon reconsideration. After a subsequent hearing, an ALJ issued a decision denying Plaintiff's claims. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. Plaintiff sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

In his opening Brief, Plaintiff argued that the ALJ erred by: (1) failing to adequately consider the opinion of examining psychologist, Minette Doss, Ed.D.; (2) failing to account

1  for limitations in concentration, persistence, and pace in the RFC; and (3) failing to provide
2  legally sufficient reasons to discount his credibility. Plaintiff requested that the Court vacate
3  the decision of the ALJ and remand for a determination of benefits.

4      In response to Plaintiff's Brief, the Commissioner filed a Brief Requesting Remand
5  conceding that the ALJ's decision contained errors, and stating that outstanding issues must
6  be addressed before it can be determined whether Plaintiff is disabled. Specifically, the
7  Commissioner stated that prior to reaching any conclusions about whether Plaintiff is
8  disabled within the meaning of the Social Security Act, it is essential that the fact-finder
9  derive an RFC after considering and weighing all the evidence in the record, and present that
10 RFC to a vocational expert for an evaluation of Plaintiff's ability to perform work. On
11 remand, the Commissioner argued that the ALJ should (1) update the record; (2) hold a de
12 novo hearing; (3) reevaluate the credibility of Plaintiff's subjective complaints; (4) reevaluate
13 the medical evidence, including the opinion of Dr. Doss; (5) re-assess Plaintiff's RFC; and
14 (6) continue the sequential evaluation process as appropriate.

15     Therefore, the only issue before the Court was whether this matter should be reversed
16 and remanded for further proceedings or for an award of benefits. After reviewing the
17 administrative record and the arguments of the parties, the Court remanded the matter to the
18 Commissioner for further proceedings. Specifically, the Court stated:

> Here, the parties agree that the ALJ erred in assessing Plaintiff's RFC by failing to properly consider Dr. Doss' opinion and failing to properly account for limitations in concentration, persistence, and pace. Further, it appears that the ALJ relied upon an erroneous evaluation of the objective medical evidence, in part, to discount Plaintiff's credibility.

> The Court finds ... that there are identifiable issues to be resolved on remand, notably whether Plaintiff is disabled. Although the parties concede, and the record reflects that the ALJ erred in failing to provide adequate reasons for his findings and conclusion, the ALJ did identify some conflicting evidence in the record that would seem to support a finding of non-disability. (Tr. at 18-21.) Thus, because there are outstanding issues to be resolved, the Court will remand for further administrative proceedings. Specifically, remand is appropriate for a renewed residual functional capacity assessment, which explicitly considers and reevaluates the opinion of Dr. Doss in conjunction with all other objective medical evidence, as well as, Plaintiff's subjective complaints.

**DISCUSSION**

The Ninth Circuit has succinctly stated the legal standard for an award of attorneys' fees under the EAJA as follows:

> EAJA provides that a court shall award to a prevailing party other than the United States fees and other expenses incurred by that party in any civil action unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. It is the government's burden to show that its position was substantially justified. Substantial justification means justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person. Put differently, the government's position must have a reasonable basis both in law and fact. The position of the United States includes both the government's litigation position and the underlying agency action giving rise to the civil action. Thus, if the government's underlying position was not substantially justified, we must award fees and need not address whether the government's litigation position was justified.

Tobeler v. Colvin, 749 F.3d 830, 832 (9th Cir. 2014) (citations, quotation marks, and alterations omitted).

When awarding attorneys' fees under the EAJA, the Court should reimburse the prevailing party only for those fees which are reasonably expended by that party's counsel. See 28 U.S.C. § 2412(d)(2)(A). The prevailing party bears the burden of proving the reasonableness of his request through sufficiently detailed accounts of hours expended on particular tasks so that the Court can evaluate his application. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Neil v. Comm'r of Soc. Sec., 495 Fed.Appx. 845, 846 (9th Cir. 2012) ("A fee applicant should maintain billing records in a manner that enables a reviewing court to easily identify the hours reasonably expended." (quotation omitted)). Generally, if the Court reduces a fee application it must provide a reason, however, "a district court can impose a reduction of up to 10 percent – a 'haircut' – based purely on the exercise of its discretion and without more specific explanation." Costa v. Comm'r of Soc. Sec., 690 F.3d 1132, 1135 (9th Cir. 2012) (citing Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)).

In his request for fees pursuant to the EAJA, Plaintiff contends that he is the prevailing party, the position of the Commissioner was not substantially justified, and his application for attorney fees for 34.8 hours of service totaling $6,642.33 is reasonable.

1 Plaintiff argues, in pertinent part, that on remand, he obtained better results than proposed in the Commissioner's request. He states that the Commissioner requested further proceedings only to re-evaluate the opinion from the agency's consultative examiner, Dr. Doss, but the final remand included a specific statement that favorably addressed Plaintiff's argument that the ALJ provided an erroneous evaluation of his credibility.

In response, the Commissioner does not contest that Plaintiff is entitled to EAJA fees. The Commissioner, however, objects to the reasonableness of the requested amount, in light of Plaintiff's refusal to accept the Commissioner's settlement offer and his unsuccessful attempt to litigate for greater relief than was offered by the Commissioner. The Commissioner asks this Court to find the time Plaintiff spent opposing the Commissioner's Brief Requesting Remand after the Commissioner conceded error – the Reply brief – not reasonable and, therefore, should not be compensated. According to the response, the Commissioner states that this reduction would result in an EAJA award of $4,834.67 – rather than Plaintiff's requested award of $6,642.33.

As the record states, Plaintiff requested a remand for computation of benefits. The Commissioner conceded error and agreed to accept a remand for further administrative proceedings. Plaintiff filed a reply brief requesting payment of benefits. The Court, ultimately, remanded the case for further proceedings finding identifiable issues to be resolved on remand.

Although Plaintiff contends that the Court ordered relief beyond the Commissioner's remand request, in the Commissioner's Brief Requesting Remand, the Commissioner specifically requested that the Court order the ALJ to:

- Update the record;
- Hold a de novo hearing;
- *Reevaluate the credibility of Plaintiff's subjective complaints*;
- Reevaluate the medical evidence, including the opinion of Minette Doss, Ed.D.;
- Re-assess Plaintiff's RFC; and
- Continue the sequential evaluation process as appropriate

Thus, the Commissioner did, in fact, request on remand that the ALJ "Reevaluate the credibility of Plaintiff's subjective complaints." Since Plaintiff's Reply brief did not advance

- 4 -

his position, the Court agrees with the Commissioner that the time spend drafting the Reply should not be compensated under the EAJA.

According to the pleadings, counsel spent 9.5 hours on the Reply brief, resulting in a request for an additional $1,807.66 (at the rate of $190.28 per hour):

> 4/18/16 Began review of opening brief, reply brief, review of paper copies of Administrative Law Judge decision and DOSS CE report, in preparation for draft of reply brief. 3.0
>
> 4/19/16 Review of parties' briefs, portions of administrative transcript, legal research, draft of entire reply brief, edited x 2, emailed to office. 6.5
>
> Total: 9.5

Therefore, having reviewed the affidavits and the statement of fees, and having considered the relevant fee award factors, see Hensley, 461 U.S. at 429-30 & n.3, the Court will grant Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act in part, and award Plaintiff a reasonably attorney fee under the EAJA in the amount of $4,834.67.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 34) is **GRANTED in part**;

**IT IS FURTHER ORDERED** that Plaintiff is awarded $4,834.67 pursuant to the Equal Access to Justice Act;

**IT IS FURTHER ORDERED** that, pursuant to the assignment of fees in Plaintiff's fee agreement, the government shall pay the fee award, minus any offset as explained below, payable to Plaintiff, care of counsel's office: Mark Caldwell, Law Office of Mark Caldwell, P.C., 9920 S. Rural Road, No. 108-167, Tempe, Arizona 85284-4100;

**IT IS FURTHER ORDERED** that, although fees under the EAJA are awarded to the prevailing party, not to the party's attorney, the Commissioner shall determine whether Plaintiff owes a debt to the government and, if the Acting Commissioner of Social Security (1) determines upon effectuation of the Court's Equal Access to Justice Act fee order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and

(2) agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to Plaintiff's attorney;

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to Plaintiff the lesser of fees awarded under the Equal Access to Justice Act and any fees awarded from past-due benefits under 42 U.S.C. § 406(b).

DATED this 30th day of January, 2017.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge